UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


BILLY R. JESSIE,

    Plaintiff,

v.                            Civil Action No. 2:08-00217

MYSTIC, LLC, and
BENNIE MILAM, individually,

    Defendants.


MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to remand, filed April 30, 2008.


I.


On August 2, 2006, plaintiff instituted this action in the Circuit Court of Boone County, West Virginia, basing his claims exclusively upon the West Virginia Human Rights Act. (Compl. ¶ 15).  Plaintiff asserts that on or about June 15, 2003, defendant Bennie Milam ("Milam"), acting as an agent of defendant Mystic, LLC, ("Mystic"), represented to his employees that the "oldest non-union, salaried employees" would be made union employees.  (Mot. to Remand 2).  Plaintiff was allegedly the

oldest such employee at that time.  (Id.).  Two days later, Milam informed plaintiff that plaintiff would not be made a union employee because of his age.  (Id.).  Plaintiff subsequently filed suit in the Circuit Court of Boone County complaining of age discrimination and related injuries.  (Compl. ¶ 19).

On March 31, 2008, defendants removed.  Defendants contend that

> Plaintiff is asserting that (1) all employees at the job site should have been subject to the contract between the UMWA and the union employees at defendant's mine operation and/or (2) that he is, or should be, entitled to benefits including pensions and medical care under the terms of the contract based on the defendant's failure to transfer him from a non-union to a union job and/or (3) that he is entitled to benefits from the original date of employment or from the date that he was not transferred into the union.

(Not. of Rem. 2).  There is no mention of where in the record such assertions are made, and the court has not located any support for the observations.

On its face, the complaint pleads only state law claims and specifically states at paragraph 15 that "[a]ll causes of action asserted in this complaint are based upon West Virginia law only and are not filed pursuant to any federal statutes." (Compl. ¶¶ 15 - 19).  The defendants agree that the complaint provides no basis for removal.  (Def. Resp. 6).  Plaintiff's

Notice of Depositions, however, prompted defendants to remove.

Filed pursuant to Rule 30(b)(7) of the West Virginia Rules of Civil Procedure, plaintiff's Notice of Depositions required Mystic to

> produce an agent or agents . . . to testify about his/her/their knowledge of . . . 1. The UMWA agreement that Mystic, LLC, was operating under in June, 2005 and July, 2005, and its terms.  2.  The difference between the wages of [plaintiff] while employed at Mystic, LLC, and what he would have earned had he been admitted into the union. . . . 5.  All employee benefits available to [plaintiff] had he been admitted into the union.

(Not. of Dep. 1 - 2).  This Notice was filed on February 28, 2008.  Defendants removed because "this inquiry raises questions regarding the interpretation of the UMWA contract," and is "therefore within the jurisdiction of the federal courts under federal question jurisdiction."  (Not. of Rem. 2).

Plaintiff moves to remand for lack of subject matter jurisdiction and allegedly untimely removal.  (Mot. to Remand 1).

II.

The court of appeals has explained the appropriate general approach to removal jurisdiction: "We have noted our obligation 'to construe removal jurisdiction strictly because of

the significant federalism concerns implicated' by it." Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005) (quoting Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)). Moreover, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S. Ct. 35, 66 L. Ed. 144 (1921)).

Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction. The statute provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (2006). Title 28 U.S.C. § 1331 is one source of original jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, "[i]n determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005). This rule contemplates that a court must "'ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining

4

whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" Id. (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)).

Federal question jurisdiction may also arise, and thus justify removal pursuant to 28 U.S.C. § 1441(a), subsequent to the pleading stage.  Title 28 U.S.C. § 1446(b) provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (2006).

### III.

The court notes preliminarily that removal was timely.  Defendants had thirty days to remove, computed pursuant to Fed. R. Civ. P. 6(a), after it was first ascertained that the case was removable.  Id.  Plaintiff filed the relevant Notice of Depositions on February 28, 2008, and the court assumes it was from this filing that the possibility of removal jurisdiction was first ascertainable.  Defendants filed for removal on Monday, March 31, 2008, meeting the time requirement.  See Fed. R. Civ.

P. 6(a).

Defendants assert that federal question jurisdiction arose because "questions regarding the interpretation of the UMWA contract" came to light during discovery. (Not. of Rem 2). But defendants go no farther in explaining the basis of federal question jurisdiction. In responding to plaintiff's motion to remand, defendants briefly mention, but then appear to disavow, the applicability of the complete preemption doctrine as discussed in Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S. Ct. 2425 (1987), and Bailey v. Norfolk & W. Ry. Co., 842 F. Supp. 218 (S.D.W. Va. 1994). (Def. Resp. 5 - 6 & n.2).[1] Defendants

---

[1]Preemption is mentioned only in the following excerpts:

> The Court [in Caterpillar] went on to recognize that, in certain instances, the "complete preemption doctrine" can apply and convert an "ordinary state commonlaw [sic] complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." However, the Court's examination of the complete preemption doctrine appears inapplicable to the instant case.

and

> The defendant [in Bailey] removed the case to the federal court, claiming that the plaintiffs' state law claims were preempted . . . . The plaintiffs sought remand, arguing that their complaint relied exclusively upon state law and state causes of action and, therefore, did not present a federal question. The Bailey Court recognized that federal preemption claims ordinarily arise as defenses to actions brought under state law. The court went on to examine the applicability of the complete preemption doctrine to the facts before it, ultimately finding that complete preemption did not apply. (Cont'd...)

6

say nothing of preemption or complete preemption in their Notice of Removal.  Defendants simply leave the matter as follows:

> Because the Plaintiff's inquiry raises questions regarding the interpretation of the UMWA contract, the allegations in this case have now evolved into a claim addressing whether the union contract applies and the interpretation of the terms of the union contract. Accordingly, this matter is now within the jurisdiction of this court under federal question jurisdiction.

(Id. at 6).

The doctrine of complete preemption can give rise to federal jurisdiction.  See Caterpillar, 482 U.S. at 393, 107 S. Ct. 2425.  Indeed, "complete pre-emption . . . is applied primarily in cases raising claims pre-empted by § 301 of the [Labor Management Relations Act, 1947, "LMRA"].  Id.  In fact, "interests in interpretive uniformity and predictability . . . require that labor-contract disputes be resolved by reference to federal law [and] require that the meaning given a contract phrase or term be subject to uniform federal interpretation."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904 (1985).

However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the

---

(...cont'd.)
(Def. Resp. 5 - 6 & n.2) (citations omitted).

7

federal labor law." Id.  As the court of appeals has stated, "'[T]he bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require [preemption].'"  Foy v. Giant Food Inc., 298 F.3d 284, 287 (4th Cir. 2002) (quoting Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994)).  Certainly, "it would be inconsistent with congressional intent under [section 301] to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." Allis-Chalmers, 471 U.S. at 212, 105 S. Ct. 1904.  The West Virginia Human Rights Act, the exclusive basis for plaintiff's action in state court, is such a state rule.  (Compl. ¶¶ 15 - 19).

It is uncertain whether plaintiff's Notice of Depositions established federal question jurisdiction pursuant to the complete preemption doctrine.  More importantly, defendants have failed to explicitly argue for the applicability of complete preemption or any other means of invoking federal question jurisdiction.  Additionally, defendants have failed to demonstrate that the collective bargaining agreement will be more than merely consulted in this litigation.  See Foy, 298 F.3d at 287 (quoting Livadas, 512 U.S. at 124, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994)).  In light of the court of appeals' admonition to "'construe removal jurisdiction strictly[,]'" the court

concludes from these factors that defendants have failed to satisfy their burden of establishing removal jurisdiction. Consequently, this case should be remanded in accordance with 28 U.S.C. § 1447(c).

The court, accordingly, ORDERS that plaintiff's motion to remand be, and it hereby is, granted.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and a certified copy to the Clerk of the Circuit Court of Boone County.

DATED: July 14, 2008

_____
John T. Copenhaver, Jr.
United States District Judge

9